UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FEDERAL NATIONAL                              CIV. NO. 13-2051 (SRN/JSM)
MORTGAGE ASSOCIATION,

     Plaintiff,                                REPORT AND RECOMMENDATION

v.

ROGER R. COTRELL, JENNIFER A. COTRELL,
JOHN DOE, MARY ROE, and ABC CORPORATION

     Defendants.

This matter is before the Court on plaintiff's Motion for Summary Judgment [Docket No. 14]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to U.S.C. § 636(b)(1)(A), (B), Local Rule 72.1(c), and the Amended Administrative Order issued by Chief Judge Michael J. Davis on October 11, 2013 [Docket No. 25].

This is an eviction action. The property that is the subject of this suit is located in Cambridge, Minnesota ("Property"). Notice of Removal (attached Evictions Summons and Complaint) [Docket No. 1-1]. Defendants Roger R. Cotrell and Jennifer A. Cotrell ("Cotrells") are the former owners of the Property. The Property was sold at a foreclosure sale conducted on December 21, 2011. Id. (attached Sheriff's Certificate of Sale and Foreclosure Record).

On July 18, 2013, Federal National Mortgage Association ("Fannie Mae), the assignee of the Sheriff's Certificate (Id., Ex. A), commenced the instant action and on

July 31, 2013, the Cotrells removed it from Minnesota state court[1] on the basis that this

Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1345, asserting

that plaintiff is deemed a federal agency pursuant to 28 U.S.C. § 1345.   Notice of

Removal, p. 2.

Prior to the commencement of this action, on February 15, 2012, the Cotrells

filed suit in state district court, challenging the foreclosure of their mortgage.   Mustafa

et.al.[2] v. Bank of America, N.A., et.al., Civ. No. 12-590 (DWF/TNL), Notice of Removal

[Docket No. 1].   The Cotrells sought (1) a determination of adverse interests in their

property; (2) a declaratory judgment to determine the rights and obligations arising

under their original note and mortgage; and (3) damages.   Complaint, Mustafa et.al. v.

Bank of America, N.A., et.al., Civ. No. 12-590 (DWF/TNL) [Docket No. 1-1].   Bank of

America removed the suit to federal district court on March 6, 2012.   Id.   Defendants

Bank of America, Mortgage Electronic Registration Systems, Inc. ("MERS") and Federal

Home Loan Mortgage Corporation moved to dismiss the Complaint in lieu of answering,

and on August 21, 2012 the district court granted those motions and dismissed the suit

with prejudice.   Mustafa v. Bank of America, N.A, Civ. No. 12-590 (DWF/TNL), 2012 WL

3612083, at *3-4 (D. Minn. Aug. 21, 2012).[3]   The plaintiffs appealed the district court's

---

[1]      The Notice of Removal states that the action was commenced in Hennepin
County, Minnesota.  Notice of Removal, p. 1.  The eviction documents attached to the
Notice of Removal state that the action was commenced in Isanti County, Minnesota.

[2]      Defendants in the instant suit were the 4th and 5th-named plaintiffs in Mustafa
et.al. v. Bank of America, N.A., et.al.

[3]      Judge Frank subsequently ordered plaintiffs' counsel William Butler to pay Rule
11 sanctions of $21,077.97 to defendants Bank of America, MERS and MERSCORP
and sanctions of $24,374 to Bank of America, Bank of America Home Loan Services,

decision to the Eighth Circuit, which affirmed the district court's dismissal with prejudice as well as the imposition of sanctions against Butler and his law firm.  Mustafa et.al. v. Bank of America, NA, et.al., No. 12-3217 (8th Cir. July 12, 2013).

The current action initiated by Fannie Mae in Minnesota state court is similar to numerous other eviction actions that have been removed from state court to federal district court by defendants' counsel, William Butler,[4] in recent months.  In several of these cases, Fannie Mae moved to remand the eviction actions back to state court; however, in this case it elected to move for summary judgment.[5]  It is this Court's determination that sua sponte remand is appropriate without considering Fannie Mae's motion for summary judgment.

Federal courts are courts of limited jurisdiction.  Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991).  Therefore, the court may raise sua sponte issues of subject matter jurisdiction and abstention from exercising jurisdiction, even if the parties concede the issues.  Id. at 523; MCC Mortgage LP v. Office Depot, Inc., 685 F. Supp. 2d 939, 942 (D. Minn. 2010) (noting that the court raised the issue of abstention sua sponte).  The district court must strictly construe the removal statute against removal

---

MERSCORP, MERS, the Bank of New York Mellon, the Bank of New York Mellon Trust Company and Freddie Mac.  [Docket No. 61].

[4]   Butler was suspended from practice before the United States Court of Appeals for the Eighth Circuit on December 26, 2013.  In re Butler, No. 13–9013 (8th Cir. Dec. 26, 2013).  As a result, Butler was automatically suspended from practice before the District Court, effective December 26, 2013. See D. Minn. L.R. 83.6(b)(1); In re Butler, Misc. No. 13–49(MJD), ECF No. 10 (D. Minn. Jan. 14, 2014).

[5]   Fannie Mae moved to remand on August 7, 2013. [Docket No. 4]. Fannie Mae withdrew that motion on September 4, 2013, [Docket 12], and moved for summary judgment on September 20, 2013 [Docket 14].

jurisdiction and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction. 28 U.S.C. § 1447(c); Masepohl v. American Tobacco Co., Inc., 974 F. Supp. 1245, 1249 (D. Minn. 1997) (internal citation omitted).

Without deciding whether this action was properly removed under 28 U.S.C. § 1446 and 28 U.S.C. § 1345,[6] the Court is persuaded that abstention from exercising jurisdiction is appropriate. See Federal Home Loan Mortg. Ass'n v. Ville, Civ. No. 13-2136 (MDJ/JKK), 2014 WL 300948, at *1 (D. Minn. Jan. 28, 2014) (adopting Magistrate Judge's Report and Recommendation); Federal Nat'l Mortg. Ass'n v. Guevara, Civ. No. 13-3603 (JNE/JKK), 2014 WL 300985, at *1 (D. Minn. Jan. 27, 2013) (adopting Magistrate Judge's Report and Recommendation); Federal Nat'l Mortg. Ass'n v. Bullock, Civ. No. 13-1202 (JNE/JJK), 2014 WL 223445, at *1 (D. Minn. Jan. 21, 2014) (adopting Magistrate Judge's Report and Recommendation); Federal Nat'l Mortg. Ass'n v. Guse,

---

[6]     There is some doubt as to whether defendants appropriately rely on 28 U.S.C. §1345 as applicable to Fannie Mae, a federally-chartered corporation.  See Federal Nat'l Mortg. Ass'n v. Torborg, Civ. No. 13-1522 (DWF/AJB), 2013 WL 5567454, at *1, n.1 (D. Minn. Sept. 4, 2013) (Order adopted by District Court, 2013 WL 5567450, at *1 (D. Minn. Oct. 9, 2013).  As the court noted in Torborg, in several similar eviction actions brought by Federal Home Loan Mortgage Corporation ("Freddie Mac") and removed to district court by defendants' counsel Butler, defendants cited both 28 U.S.C. and Freddie Mac's charter, 12 U.S.C. §1452(f), which provides that Freddie Mac shall be deemed an agency included in 29 U.S.C. §1345 as the basis for removal. Id.  But as in Torborg, defendants did not cite Fannie Mae's charter, 12 U.S.C. §1723a(a), in their removal papers, which many courts have concluded fails to confer original jurisdiction on the district courts. Id. (citing Carter v. Watkins, Civ. No. WDQ-12-2813, 2013 WL 2139505, at *3-4 (D. Md. May 14, 2013); Federal Nat'l Mortg. Ass'n v. Diaz, Civ. No. 11-1093, 2011 WL 4375015, at *2 (E. D. Cal. Sept. 19, 2011); Federal Nat'l Mortg. Ass'n v. Bradley, Civ. No. 11-2351, 2011 WL 3844577, at *2 (N. D. Ga. July 26, 2011); Federal Nat'l Mortg. Ass'n v. Hammond, Civ. No. 11–867, 2011 WL 2516498, at *3–4 (C.D. Cal. June 22, 2011); Federal Nat'l Mortg. Ass'n v. Sandoval, Civ. No. 11–0139, 2011 WL 976708, at *2 (E.D. Cal. Mar. 16, 2011); Rincon Del Sol, LLC v. Lloyd's of London, 709 F. Supp.2d 517, 522–25 (S.D. Tex. 2010); Knuckles v. RBMG, Inc., 481 F.Supp. 2d. 559, 562–65 (S.D .W.Va.2007).  But see, e.g., Pirelli v. Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779 (D.C. Cir.2008); Allen v. Wilford & Geske, Civ. No. 10–4747, 2010 WL 4983487, at *2 (D. Minn. Dec. 2, 2010)).

Civ. No. 13-801 (PJS/JSM), 2014 WL 127033, at *2 (D. Minn. Jan. 14, 2014) (adopting Magistrate Judge's Report and Recommendation); <u>Federal Home Loan Mortg. Corp. v. Grantz</u>, Civ. No. 13-1490 (PJS/AJB), 2013 WL 5202393, at *1 (D. Minn. Sept. 12, 2013) (Order adopted by District Court Sept. 16, 2013 (2013 WL 5203395 at *1 (D. Minn. Sept. 16, 2013)); <u>Torborg</u>, 2013 WL 5567454, at *1-2; <u>Federal Home Loan Mortg. Corp. v. Angelberto Contreras</u>, Civ. No. 13-897 (ADM/AJB), (D. Minn. Aug. 29, 2013) (Order [Docket No. 25] adopted by District Court Oct. 1, 2013 [Docket No. 29]); <u>Federal Home Loan Mortg. Corp. v. Briggs</u>, Civ. No. 13–1243 (MJD/AJB), (D. Minn. Aug. 29, 2013) (Magistrate Judge's Order [Docket No. 18]); <u>Federal Home Loan Mortg. Corp. v. Smith</u>, No. 13-908 (JNE/AJB), (D. Minn. July 2, 2013) (Order [Docket No. 39] adopted by District Court Aug. 12, 2013 [Docket No. 43]); <u>Federal Home Loan Mortg. Corp. v. Stone</u>, Civ. No.13-970 (JNE/AJB), (D. Minn. July 2, 2013) (Order [Docket No. 36] adopted by District Court Aug. 12, 2013 [Docket No. 41]).

Federal courts may decline to exercise jurisdiction in "exceptional circumstances." <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 716 (1996) (quotation omitted). Abstention involves weighing principles of federalism and comity against the federal interest in retaining jurisdiction. <u>Id</u>. at 716, 728-29, 733-34. Federal courts exercise discretion to "restrain their authority because of scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315, 317-34 (1943) (citations omitted).

In <u>MCC Mortgage</u>, the district court determined that it could abstain from hearing an eviction action removed from Minnesota state court, citing <u>Burford,</u> 319 U.S. at 317-

34.  685 F. Supp. 2d at 947.  Under Burford, abstention is appropriate where the action involves "difficult questions of state law bearing on policy problems of substantial public import," or where the exercise of federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Quackenbush, 517 U.S. at 726-27 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)).  The court in MCC Mortg. noted that "even where jurisdiction otherwise exists, courts often abstain from hearing eviction matters to avoid 'completely emasculate[ing] the state structure for dealing with such disputes.'"[7] 685 F. Supp. 2d at 946-47 (quoting MRM Mgmt. Co. v. Ali, Civ. No. 97-1029, 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997)); see also, e.g., Homesales Inc., of Delaware v. Greene, Civ. No.10-3024-CL, 2010 WL 1630469, at *2-3 (D. Or. March 25, 2010) (because unlawful detainer actions involve a state regulatory statute and important state policy issues, the federal court should abstain and remand the matter to state court) (Report and Recommendation adopted by District Court on other grounds, 2010 WL 1630468, at *1 (D. Or. April 19, 2010[8]); CPG Fin. I, L.L.C. v. Shopro, Inc., Civ. No. 06-3015-RED, 2006 WL 744275, at *4 (W.D. Mo. March 22, 2006) (noting that policy objectives underlying abstention support remand of removed dispossessory action)

---

[7]    Although the court in MCC Mortg. declined to abstain from jurisdiction, that case is factually distinguishable from this action, which involves a post-foreclosure eviction of a former mortgagor.  Further, this Court is aware that this action is one of numerous post-foreclosure eviction actions that have been removed to this Court in the last several months on the same removal grounds defendants invoke here, which further distinguishes the present action and the Court's ability to efficiently handle such summary eviction proceedings.

[8]    In Homesales Inc., the district court found that it lacked subject matter jurisdiction over the unlawful detainer action, and therefore did not reach the issue of abstention in adopting the Magistrate Judge's recommendation of remand.  2010 WL 1630468, at *1.

(quoting <u>Quackenbush</u>, 517 U.S. at 716) ("[A]bstention is warranted by considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration.")); <u>Glen 6 Assocs. v. Dedaj</u>, 770 F. Supp. 225, 228-29 (S.D.N.Y. 1991) (finding that principles of comity and federalism dictate abstaining from eviction matter and noting that accepting removal of eviction proceedings to federal court would overburden the federal system).

Although "abstention 'is the exception, not the rule,'" <u>MCC Mortg.</u>, 685 F. Supp. 2d at 947 (quoting <u>Colorado River Water Conservation Dist.</u>, 424 U.S. at 813), this Court concludes that abstention is appropriate here.  This post-foreclosure eviction action is a summary proceeding created by Minnesota state law (Minn. Stat. § 504B), the enforcement of which is delegated to Minnesota law enforcement personnel.  <u>See</u> <u>generally</u> Minn. Stat. §§ 504B.001, subd. 4, 504B.365.  <u>See</u> <u>also</u> <u>Homesales Inc.</u>, 2010 WL 1630469, at *2-3 (noting that unlawful detainer "is a special statutory proceeding" regulated by state law, which provides such action be brought in state circuit courts). Eviction actions are fundamentally a matter of state law.  <u>See</u> <u>MCC Mortg.</u>, 685 F. Supp. 2d at 946.  There is no federal interest in retaining the proceedings or federal right at stake, and there is no apparent prejudice in the action proceeding in state court. <u>See</u>, <u>e.g.</u>, <u>Glen 6 Assocs.</u>, 770 F. Supp. at 228.  Minnesota state district courts and the Hennepin and Ramsey County Housing Courts are uniquely qualified to handle efficiently the large volume of post-foreclosure eviction cases to which Fannie Mae is a party.  As the court in <u>Federal Home Loan Mortg. Corp. v. Matassino</u> noted: "The court is very aware that dispossessory actions are now, and have always been, primarily state court matters.  State courts are highly familiar with dispossessory procedure, and

federal courts are ill-equipped to adjudicate these actions."  Civ. No. 1:11-3895-CAP, 2012 WL 6622607, at *8 (N.D. Ga. Dec. 3, 2012).  In this case, it appears that defendants have removed the action to federal court seeking solely to delay the eviction proceeding in Isanti County.  Considering principles of comity, federalism, and judicial economy, the Court recommends that the matter be remanded to state court.

Because the Court has recommended that the District Court abstain from exercising jurisdiction over this action, it declines to consider the merits of plaintiff's Motion for Summary Judgment.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that this action be remanded to Minnesota state district court.

Dated: February 14, 2014                    *Janie S. Mayeron*
                                            JANIE S. MAYERON
                                            United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 28, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.